IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CARLTON MCKISSIC, | : |
| Petitioner, | : |
| V. | : NO. 4:23-cv-00015-CDL-MSH |
| STATE OF GEORGIA, | : |
| Respondent. | : |

## ORDER OF DISMISSAL

Petitioner Carlton McKissic has filed a handwritten *pro se* document that has been docketed in this Court as a petition for a writ of habeas corpus. Pet. for Writ of Habeas Corpus, ECF No. 1. In the document, Petitioner appears to be arguing that this Court erred in dismissing a prior habeas petition that he filed, as well as raising arguments that there were constitutional errors in the state court criminal case that his prior petition was challenging. *See generally id.* To the extent that Petitioner is now attempting to challenge the dismissal of his petition in *McKissic v. Emmons*, Case No. 4:21-cv-00174-CDL-MSH, that challenge is not properly brought in this new case.

The petition in *McKissic v. Emmons* was dismissed nearly a year ago both because Petitioner had not followed Court orders and on the merits. Order, ECF No. 38. Petitioner appealed that decision, Notice of Appeal, ECF No. 40, and the Eleventh Circuit denied Petitioner a certificate of appealability and leave to appeal *in forma pauperis*, concluding that Petitioner had failed to make a substantial showing of the denial of his constitutional rights and that his appeal was frivolous. USCA Order/Opinion, ECF

No. 47. When Petitioner did not pay the appellate filing fee, his appeal was dismissed for want of prosecution in October 2022. Mandate of USCA Dismissing Appeal, ECF No. 48. Additionally, the United States Supreme Court has denied Petitioner a writ of certiorari. Writ of Cert. Denied, ECF No. 49. Thus, *McKissic v. Emmons* is final, and all of Petitioner's challenges to that denial have been denied or dismissed. He cannot now file this new action seeking to challenge the decision in that case.

Moreover, to the extent that the document may be construed as an attempt to file a new petition for habeas corpus, this constitutes a second application in light of Petitioner's previous case. "Before a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000). Thus, the instant petition is considered successive within the meaning of § 2244(b), and it does not appear, nor does Petitioner allege, that a three-judge panel of the Eleventh Circuit Court of Appeals has authorized this Court to consider a successive habeas petition for his conviction. Without such an order, this Court lacks jurisdiction to consider the successive claims. *See* § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933-34 (11th Cir. 2001) (per curiam).

The Court therefore **DISMISSES** the petition without prejudice to Petitioner's right to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition pursuant to § 2244(b)(3). The Court also **DIRECTS** the Clerk to furnish

Petitioner with the application form required by the Eleventh Circuit.[1]

**SO ORDERED** and **DIRECTED**, this **14th** day of **March, 2023**.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] "[A] dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas proceeding' for purposes of 28 U.S.C. § 2253(c). . . . Instead, such a dismissal is a 'final decision' pursuant to 28 U.S.C. § 1291 and a [Certificate of Appealability] is thus 'unnecessary. . . .'" *Bolin v. Sec'y, Fla. Dep't of Corr.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction)). Accordingly, the Court will not address whether Petitioner has met the standards for issuance of a Certificate of Appealability.

3